(27 Misc. Rep. 414.)

## In re LESOURD.

### (Surrogate's Court, New York County. May, 1899.)

EXECUTORS—SALE OF REAL ESTATE—DISTRIBUTION OF PROCEEDS—NOTICE BY PUBLICATION.

    Code Civ. Proc. § 2787, requires the notice of distribution of the proceeds of real estate sold to pay decedent's debts to be published in a newspaper in the county of the surrogate. Section 2536 provides that, in addition to such publication, where the proceeding is instituted in New York county, the notice shall be published in the state paper. Consolidation Act 1882, § 1093, continued in force by Laws 1897, c. 378, § 1610, provides that every notice in legal proceedings required by law to be published in one or more papers in the county of New York shall be published in a daily law journal designated in pursuance of such section. Laws 1884, c. 133, abolished the state paper, and declared that all notices required and allowed to be published in the state paper should thereafter be published in such newspaper published in the county where the place of trial is designated, or wherein the papers are filed, as shall be designated by such court or judge. *Held,* that an order in New York county providing for the publication of the notice in the daily law journal selected under section 1093 is not such a designation as contemplated by Laws 1884, c. 133, since the statutes, when taken together, evidently intend a publication in two papers.

In the matter of the application of Mary L. Lesourd, executrix of Francis Lesourd, deceased, for the sale of the decedent's real estate

for the payment of debts.    Application for a decree on the report of
the referee granting the application for the sale.    Denied.

Michael J. Sullivan, for executrix.

VARNUM, S.    An order was made under section 2787, Code Civ.
Proc., directing the publication of a notice of the time and place of
distribution of the proceeds of real estate sold for the payment of
decedent's debts.    The order provided for the publication of the no-
tice in one paper only, the New York Law Journal; and the question
submitted for decision is as to the sufficiency of the publication, made
in pursuance of the order, to authorize the distribution of such pro-
ceeds by the court.

Section 2787, Code Civ. Proc., required the notice mentioned to be
published in a newspaper published in the county of the surrogate.
Section 2536, Id., prescribed that, in addition to such publication,
where the special proceeding is instituted in this county, the notice
should be published in the state paper.    By section 1093 of the con-
solidation act of 1882, continued in force by section 1610, c. 378,
Laws 1897, every notice or advertisement in legal proceedings, re-
quired by law to be published in one or more papers in the city or
county of New York, was required to be published in the daily law
journal designated or selected in pursuance of said section 1093, and
which at the time of the making of the order in question in this pro-
ceeding was, and still is, the New York Law Journal.    In 1884, by
chapter 133 of the Laws of that year, the state paper was abolished,
and by section 2 of said act it was declared that all notices and adver-
tisements in any and all suits, actions, and special proceedings in any
court or before any judge of any court of this state, now required or
allowed to be published in the state paper, shall hereafter be pub-
lished in such newspaper published in the county where the place of
trial is designated, or wherein the papers in such special proceedings
are required to be, or are, filed, as shall be designated by such court or
judge.

It is plain, from the foregoing, that, at the time of the enactment
of the act of 1884, the notice prescribed by section 2787, Code Civ.
Proc., was required to be published in the New York Law Journal
by the act pursuant to which it was created, and section 2536, Id.,
required an additional publication of the notice in the state paper,
and the law of 1884, abolishing that paper, required, in lieu of such
publication, that the notice should be published in such newspaper
in this county as should be designated by the surrogate.    As sec-
tion 2787 of the Code, taken in connection with the provisions of
the consolidation act, required the notice to be published in the Law
Journal, it could hardly be claimed to be a compliance with the in-
junction of the act of 1884 for the surrogate to select or designate the
same paper for the publication of the notice.    An attempt to do so
could, in no serious sense, be treated as a designation, within the
meaning of the act last mentioned.    Its provisions, in connection
with those of the other statutes referred to, evidently contemplated
that the notices to which they refer, including the one in question,

should be published in two papers, in the manner which they prescribe.    This must be done before any decree for distribution can be made in this matter.

Decreed accordingly.